UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| GEHAD ELSAYED and LAILA IBRAHIM, on behalf of themselves and others similarly situated; | [PROPOSED] UNSEALING ORDER |
| Plaintiffs, | |
| -against- | 18 Civ. 10566 (AT)(KHP) |
| CITY OF NEW YORK, NYPD Officer CHENISE BRODIE (Shield No. 28113), and NYPD Officers John and Jane Doe #1, 2, 3, etc., | |
| Defendants. | |

------------------------------------------------------------------------ x

**WHEREAS**, plaintiffs in this putative class action seek certain discovery from defendant City of New York related to arrests of Muslim women who, from March 14, 2015 until the conclusion of this litigation, were required to remove their hijab for a post-arrest photograph while in custody of the New York City Police Department ("NYPD") and

**WHEREAS**, the discovery that plaintiffs seek relates to arrests that have been dismissed and sealed pursuant to N.Y.C.P.L. §§160.50 and 160.55; and

**WHEREAS**, defendants maintain that portions of the requested discovery contain sensitive information concerning non-parties to this action, including arrest and prosecution information which may be subject to N.Y.C.P.L. §§160.50 and 160.55 that cannot be produced without an unsealing order;

**IT IS HEREBY ORDERED THAT** the City of New York, including the Office of the Corporation Counsel and the New York City Police Department, shall not be bound by the statutory sealing requirements of N.Y.C.P.L. §§160.50 and 160.55 for the limited purpose of

allowing the City to search for and provide certain information to plaintiffs' counsel regarding those individuals who were arrested while wearing religious head coverings from March 14, 2015 until the conclusion of this litigation; including but not limited to the number of such arrestees who were arrested wearing head coverings during the above timeframe;

**IT IS FURTHER ORDERED** that the City of New York shall produce non-party information subject to N.Y.C.P.L. §§160.50 and 160.55 to plaintiffs;

**IT IS FURTHER ORDERED** that the use of the above-referenced records is restricted to use in the above-entitled civil rights action and shall be protected by plaintiffs' counsel as "Attorneys' Eyes Only," such that plaintiffs' counsel may not disclose the non-party information contained in the arrest data to anyone other than employees of their firms, relevant deponents (and any court reporter/ videographer at the deposition), and the Court.

Dated: New York, New York
 **February 3,** , 2020

SO ORDERED:

_____
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE