UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GEHAD ELSAYED and LAILA IBRAHIM, on behalf of
themselves and others similarly situated;

                                                       Plaintiffs,

      -against-                                              18 Civ. 10566 (AT)(KHP)

CITY OF NEW YORK, NYPD Officer CHENISE
BRODIE (Shield No. 28113), and NYPD Officers John and
Jane Doe #1, 2, 3, etc.,

                                                       Defendants.

------------------------------------------------------------------------ x

## STIPULATION AND PROTECTIVE ORDER REGARDING
## <u>CONFIDENTIAL INFORMATION</u>

        **WHEREAS**, Plaintiffs Gehad Elsayed and Laila Ibrahim (collectively, "Plaintiffs") and Defendants City of New York ("City") and Officer Chenise Brodie (collectively, "Defendants," together with the Plaintiffs, the "Parties") have agreed to produce certain documents, including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files;

        **WHEREAS**, discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

        **WHEREAS**, the City of New York deems certain of these documents, which include information regarding non-parties to this litigation that is or may be sealed pursuant to N.Y. C.P.L. §160.50 and/or § 160.55, that implicates the privacy interests and safety concerns of

non-parties to this action, that is of a confidential and sensitive nature, that is subject to the law enforcement and/or governmental privileges and/or other applicable privileges;

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiffs and Defendant, as follows:

1. As used herein, "Action" shall mean the pending action between Plaintiffs and Defendants captioned Elsayed, et al. v. City of New York, at al., 18 Civ. 10566 (AT) (KHP).

2. As used herein, the term "document" shall have the meaning set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

3. Either party may designate documents produced in connection with this action as "Confidential," by clear notation on the document in a manner so as not to interfere with the legibility thereof, or, only if that is not feasible, may designate such documents by title or Bates number, in a writing directed to the Receiving Party's attorneys.

4. As used herein, without waiving the right to later objections or withholding documents, "Confidential Materials" shall mean:

   a. Arrest records of non-parties to this action;

   b. Contact information of non-parties to this action;

   c. Performance evaluations of NYPD police officers;

   d. Disciplinary records and information regarding NYPD police officers, and the information contained therein including Civilian Complaint Review Board history, NYPD Internal Affairs Bureau Resume, and NYPD Central Personnel Index;

    e. Records and information regarding investigations conducted by the NYPD, the Civilian Complaint Review Board, the NYPD Internal Affairs Bureau, the EEO/ADA Coordinator, or other agencies;

    f. NYPD training materials;

    g. Documents all parties agree to be Confidential under this agreement; and

    h. Documents ordered by the Court to be Confidential under this agreement.

5. The documents and information as defined in paragraph "4" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by a party from non-party sources, or (b) are otherwise publicly available.

6. The parties' attorneys shall not use Confidential Materials for any purpose other than for the preparation, settlement, or presentation of their case in this Action.

7. "Producing party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise.

8. "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

9. In the event a party disagrees with the Producing Party's designation of Confidential Information, the disagreeing party shall notify the Producing Party of such disagreement in writing no later than thirty (30) days prior to the close of discovery. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days, the Producing Party must seek affirmative relief from the Court permitting the Producing Party to designate the matter in question as Confidential Information. The Producing Party's failure to seek relief from the Court within

fourteen (14) days of the Producing Party's written notice of its disagreement about the designation shall constitute a waiver of the asserted confidentiality. The party asserting the confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

10. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

   a. the Parties and personnel of the Parties engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff);

   c. any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

   d. the Court and court personnel;

   e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

   f. deposition or trial witnesses or persons contacted by a party based on a

good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor; and

g. an expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this action (including consulting experts).

11. Before any disclosure is made pursuant to sections (f)-(h) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Information except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing party upon request, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

12. A party that seeks to file any paper which incorporates any Confidential Materials or reveals the contents thereof with the Court shall so inform the other side prior to filing. The parties shall confer in good faith to resolve the matter; if the parties agree to utilize redacted copies of such documents or if the parties agree that unredacted versions of the papers may be filed publicly, no further order of the Court is necessary. Should the parties not reach a resolution, the party asserting confidentiality (or, if both parties assert confidentiality, the party seeking to file the papers), shall move the Court within seven (7) days of the date on which notice was provided for permission to file said papers under seal. Such material shall not be

publicly filed with the Court until such application is decided. In the interim, to the extent necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of Civil Procedure, the filing party who seeks to include Confidential Materials in papers to be filed in Court shall provide a complete and un-redacted version thereof directly to the judges' chambers and opposing counsel and not cause them to be publicly filed with the Court until after the motion to seal has been decided or the parties agree that the materials can be publicly filed.

13.  In addition, where reasonable advance notice is given and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order.  In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

14.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

15.  Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

16. Nothing in this Protective Order shall preclude the parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as "Confidential Materials."

17. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party's attorneys or, upon the Producing Party's attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Producing Party's attorney. Notwithstanding anything to the contrary, the Receiving Party's attorney may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of the Confidential Materials for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

18. Notwithstanding the provisions of this Stipulation of Confidentiality and Protective Order, if the Receiving Party, the Receiving Party's attorneys or anyone on the Receiving Party's behalf make public representations, the substance of which concerns or is contained in the Confidential Materials, the Producing Party, or the Producing Party's attorneys, may move the Court, on an expedited basis, for relief.

19. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies

thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph "10" subsection (b) herein, for any purpose without prior Court approval.

20. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

21. This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

Dated: New York, New York
       January 31, 2020

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| BELDOCK LEVINE & HOFFMAN LLP | CORPORATION COUNSEL OF THE CITY OF NEW YORK |
| By: _____ | By: _____ |
| Jonathan C. Moore, Esq. | Rachel Seligman, Esq. |
| Luna Droubi, Esq. | Carolyn Depoian, Esq. |
| Marc Arena, Esq. | Bilal Haider, Esq. |
| 99 Park Avenue, PH/26th Floor | 100 Church Street |
| New York, New York 10016 | New York, New York 10007 |
| | |
| THE ABOUSHI LAW FIRM, PLLC | *Attorneys for Defendants* |
| Tahanie A. Aboushi, Esq. | |
| 1441 Broadway, Ste 5036 | |
| New York, New York 10018 | |

*Attorneys for Plaintiffs*

**SO ORDERED:**

_Katharine H Parker_

**HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE**
**02/03/2020**